UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES ROGER DOWDALL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-217-FJP-DLD** |
| **COOPER TIRE AND RUBBER COMPANY, ET AL.** | |

## REPORT AND RECOMMENDATION

This matter is before the court on motions to remand filed by plaintiffs, Joann and James Roger Dowdall and Guy Nardini, Jr. (rec. docs. 8 and 9). The motions are opposed by defendants (rec. docs. 23 and 24). This matter was removed based on diversity jurisdiction, 28 U.S.C. §1332. The issues before the court are whether the removal was timely and whether defendant Natchitoches Tire Service, Inc. was improperly joined to destroy diversity jurisdiction.

### Background

On April 27, 2007, Catherine Dowdall, Tiffany Dowdall (Catherine's daughter), and Guy Nardini, Jr. (Nardini), were involved in a single vehicle accident while traveling in a 2000 Ford Explorer XLT on Interstate 12 in Walker, Louisiana (rec. doc. 1). The Explorer was owned and operated by Catherine Dowdall, and Tiffany Dowdall and Nardini were passengers in the vehicle. Id. Catherine Dowdall and Tiffany Dowdall were thrown from the vehicle and died from their injuries shortly thereafter. Id, Exhibit A. Nardini was also severely injured in the accident. Id, Exhibit E. James Roger Dowdall and Joann Dowdall, as the parents and grandparents of the deceased Catherine and Tiffany Dowdall, and

Nardini brought two separate suits for damages in the 21st Judicial District Court, Parish of Livingston, State of Louisiana.[1]  Id, Exhibits A, E.  Both petitions name Cooper Tire & Rubber Company (Cooper Tire), Ford Motor Company (Ford), and Natchitoches Tire Service, Inc. d/b/a Jim's South Tire (Natchitoches Tire) as defendants.[2] Id. The suits were later consolidated in state court prior to removal.

Both petitions allege that the accident occurred as a result of tire tread separation, which caused the vehicle to become unstable and uncontrollable and resulted in the vehicle overturning several times.  Id.  Plaintiffs allege that the left rear tire that sustained the blow-out was a Cooper Discoverer H/T, which was allegedly manufactured by Cooper Tire and selected and/or installed by Natchitoches Tire's Shreveport or Bossier City location three months prior to the accident (rec. doc. 8-4).[3]  Plaintiffs brought claims against Cooper Tire and Ford Motor Company under the Louisiana Products Liability Act alleging that the tire and vehicle were defective in design, manufacture, and warning and against Natchitoches Tire for failure to properly select the replacement tire, failure to properly mount or install the tire, and/or failure to properly inflate the tire.  Id.  Plaintiffs have taken the position

---

[1] James Roger Dowdall and Joann Dowdall filed their lawsuit on April 22, 2008, and Nardini filed his lawsuit on April 25, 2008 (rec. doc. 2).

[2] Plaintiffs originally brought suit against JMLC, Inc., Despino's Tire Service, Inc., Jim's South Butane-Propane, Inc., and Natchitoches Tire Service.  Defendant Natchitoches Tire answered the petition and stated that it was improperly named in the petition as JMLC, Inc., Despino's Tire Service, Inc., and Jim's South Butane-Propane, Inc. (rec. doc. 1-3, Exhibit D).  Thus, the court assumes that Natchitoches is the proper defendant in this action.

[3] Plaintiffs' original petition alleges that the subject tire was installed by Natchitoches Tire's Bossier City location (rec. doc. 1).  Plaintiffs' amended their petition on March 20, 2009, to clarify that the tire may have been sold and/or installed by Natchitoches Tire's Shreveport or Bossier City location (rec. doc. 8-4).

throughout the litigation that Catherine Dowdall either bought the subject tire from Natchitoches Tire or received it in exchange for the performance of plumbing services.[4]

After substantial written discovery by the parties, counsel for Cooper Tire took the deposition of Randy Despino[5], owner of Natchitoches Tire, who testified that none of the Natchitoches Tire locations had any record of selling or installing a Cooper Discoverer HT Series tire on the Dowdall's vehicle and that Natchitoches Tire does not perform exchange work (rec. doc. 1-5, Exhibit I, pp. 27-29, 37-38, 63, 71, 104, 106-107, 132-133, 168).[6] Based on Despino's testimony, defendants Cooper Tire and Ford immediately removed this matter arguing that plaintiffs could not maintain a claim against Natchitoches Tire; therefore, it was improperly joined to destroy diversity (rec. docs. 1 and 2). Plaintiffs promptly filed motions to remand, both advancing the same arguments (rec. doc. 8 and 9). The motions for remand are before the court for a report and recommendation.

**Arguments of the Parties**

Plaintiffs argue that they have taken the position since August 13, 2008, that Natchitoches Tire either sold the subject tire to Catherin Dowdall or gave it to her in exchange for plumbing services (rec. doc. 8-2). Plaintiffs contend that the information on which defendants base their removal was revealed through discovery and other means months before the Despino deposition. Thus, plaintiffs contend that the deposition was

---

[4] Plaintiffs stated in their August 13, 2008, responses to Natchitoches Tire's interrogatories that plumbing services may have been exchanged for the tire (rec. doc. 8-2). Plaintiffs allege that Catherine Dowdall was a master plumber.

[5] The deposition was actually of co-owners Randall and Julie Despino.

[6] Despino testified that Natchitoches Tire does not perform exchange work, but she did not ask all of the employees of Natchitoches Tire whether they had ever performed exchange work.

noticed specifically to create "other paper" and revive the 30-day time limitation for removal. Plaintiffs further argue that defendants have failed to demonstrate that there is no possibility of recovery against Natchitoches Tire because the allegations in the petitions are sufficient and discovery is ongoing. They further point to the weaknesses in the testimony in the Despino deposition and deny that it is dispositive of the issue of liability.

Defendants respond by arguing that the notice of removal was filed within 30-days of Despino's March 23, 2009, deposition, which made it "unequivocally clear and certain" that there was no factual support for plaintiffs' allegation that Natchitoches Tire sold or installed the subject tire and that there was no evidence to prove that the tire was acquired in exchange for Dowdall's plumbing services (rec. doc. 23). Defendants further argue that after 11 months of discovery, plaintiffs have no evidence to support the allegations in their petitions against Natchitoches Tire. Finally, defendants argue that the "eye witnesses" identified by plaintiffs during discovery who have indicated that they witnessed Catherine Dowdall receive certain services from Natchitoches Tire three months prior to the accident do not offer factual support for plaintiffs' allegations. Defendants contend that plaintiffs have no possibility of recovery against Natchitoches Tire; therefore, it was improperly joined and its citizenship should be disregarded for purposes of establishing diversity jurisdiction.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has

the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008).  The party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy.  The amount in controversy is not at issue in this case.[7]

Diversity of Citizenship

The removing defendant bears the burden of demonstrating improper joinder.  E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).  Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).  When determining improper joinder, the court may look to the facts established by summary judgment evidence as well as controlling state law. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor.  *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003). Fraud in

---

[7] Plaintiffs claims are for damages related to the death of their daughter and granddaughter and for personal injuries sustained by Nardini, including a broken neck and ribs. Defendants agree that the amount in controversy exceeds $75,000 (rec. doc. 2).

the pleadings is not an issue in this case.[8]  Rather, defendants seek to prove improper joinder by proving that plaintiff has no possibility of recovery against Natchitoches Tire.

Defendants do not argue that Louisiana or federal law prevents recovery against Natchitoches Tire or that plaintiffs have failed to state a claim against Natchitoches Tire in their petitions.  Plaintiffs' petitions clearly contain sufficient allegations to state a claim of negligence against Natchitoches Tire based on its alleged failure to properly select, install, and/or inflate the subject tire (rec. doc. 1).  The defendants instead argue that plaintiffs have no evidence to support their allegations against Natchitoches Tire and that the Despino deposition clearly establishes that none of the Natchitoches Tire facilities can possibly be liable.  Again focusing on the inadequacy of plaintiffs' evidence, defendants also point to their interrogation of one of plaintiffs' supposed eye witnesses, who did not have testimony in support of plaintiffs' claims. Plaintiffs immediately produced two more eye witnesses, who claimed that they knew that the deceased obtained the tire from Natchitoches Tire. Defendants in turn dismiss the importance of these witnesses and question the "factual basis" of their affidavits.

The point of this recitation of "back and forth" between the parties is that the liability of Natchitoches Tire is hotly disputed, and for the court to decide whether or not one side or the other prevails, it would have to weigh the evidence, which is not appropriate in a motion to remand, even where the weight tilts toward the defendants.  Here, the evidence is not quite so dispositive as defendant claims.  For example,  the Despino deposition, which

---

[8] Plaintiffs are citizens of the State of Louisiana; Cooper Tire is incorporated in Delaware and has its principal place of business in Ohio; Ford is incorporated in Delaware and has it principal place of business in Michigan; Natchitoches Tire d/b/a Jim's South Cooper Tire Center is a Louisiana corporation with its principal place of business in Louisiana.  (rec. doc. 1, Exhibit A, rec. doc. 2).

addressed the sale and/or exchange of the tire, was not a corporate deposition of Natchitoches Tire and thus is neither a formal, binding statement of Natchitoches Tire nor can it be held out as representative of all employees' potential testimony under any circumstances. And while Despino testified that he could find no documentation supporting a sale of the tire to Dowdall, he also admitted that a tire could be sold without being entered into the system. Furthermore, although Julie Despino testified that it was not the policy of Natchitoches Tire to do exchange work, she did not categorically state that no one at any of the locations had ever done so.[9]

Plaintiffs ultimately may not be able to produce sufficient evidence to convince the trier of fact that Natchitoches Tire is at fault, or even sold or exchanged the tire for plumbing work, but discovery is not complete. It is not the plaintiffs' burden to prove their case in this motion. The matter before the court is a motion to remand, not a motion for summary judgment or a trial on the merits; therefore, defendants, not plaintiffs, have the burden of proving that Natchitoches Tire was improperly joined by putting forth evidence that negates the possibility of recovery against Natchitoches Tire. *Mahfouz v. OM Financial Life Ins. Co.*, 2009 WL 799622 (W.D. La. 2009). The Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Travis v. Irby*, 326 F.3d at 650-651. "[S]imply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for [plaintiffs] to establish [Natchitoches Tire's] liability at trial." Id.

---

[9] Despino testified that she did not question all of the Natchitoches Tire employees about whether they had ever performed exchange work (rec. doc. 1-5, Exhibit I, pp. 132-133). Further, during the deposition, Despino agreed to allow Catherine Dowdall's friends to come to Natchitoches Tire to identify the employee who they say gave, sold, or traded a tire to Catherine Dowdall.

By contending that the plaintiffs must prove the elements of their claims in the face of contrary evidence put forth by defendants, defendants have improperly shifted the burden of proof in establishing improper joinder and diversity jurisdiction. Defendants have failed to meet the heavy burden of proving that there is no possibility of recovery against Natchitoches Tire. Because the court recommends that defendants have failed to failed to prove that Natchitoches Tire was improperly joined, it is unnecessary to address whether defendants' notice of removal was timely filed.

**Conclusion**

Defendants have failed to prove that plaintiffs have no possibility of recovery against Natchitoches Tire and that it was improperly joined in this matter. Thus, diversity jurisdiction does not exist and this case should be remanded. Accordingly,

**IT IS RECOMMENDED** that the motions to remand (rec. docs. 8 and 9) be **GRANTED**, and this matter remanded to the 21st Judicial District Court, Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 7, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES ROGER DOWDALL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-217-FJP-DLD** |
| **COOPER TIRE AND RUBBER COMPANY, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 7, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**